**FILED**

AUG - 8 2008

Clerk, U.S. District and
Bankruptcy Courts

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Yuri J. Stoyanov :
7560 Pindell School Road :
Fulton, MD 20759 :
~~301-604-7615~~ Plaintiff :
  v. :
       :

Donald C. Winter :
Secretary of the Navy :
United States Department of the Navy :
1000 Navy Pentagon :
Washington, DC 20350 :
and :
Gary M. Jebsen :
Individually and in his Official :
Capacity as the Head of the O5T office :
Naval Sea System Command :
1333 Isaac Hull Avenue, S.E. :
Washington Navy Yard, D.C. 200376 :
and :
Linda Rosales :
Individually and in her Official :
Capacity as Administrative Officer of O5T office
Naval Sea System Command :
1333 Isaac Hull Avenue, S.E. :
Washington Navy Yard, D.C. 200376 :
and :
Anthony Verducci :
Individually and in his Official :
Capacity as Agency Representative :
Naval Sea System Command :
1333 Isaac Hull Avenue, S.E. :
Washington Navy Yard, D.C. 200376 :
             Defendants :
Please serve:

Attorney General
Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
and

Civil Action No _____

Case: 1:08-cv-01386
Assigned To : Huvelle, Ellen S.
Assign. Date : 8/8/2008
Description: Employ. Discrim.

JURY ACTION

1

United States Attorney
501 Third Street, NW
Washington, DC 20001.

## COMPLAINT

1.      COMES NOW the Plaintiff, YURI J. STOYANOV, by representing himself and brings this

action against the Defendants, jointly and severally, and alleges as follows:

## JURISDICTION AND VENUE

2.      This is an employment discrimination action brought by Dr. Yuri J. Stoyanov to recover

damages against the Department of the Navy for violation of his rights under the Age Discrimination

in Employment act of 1967, 29 U.S.C. 621 et seq. ("ADEA"); Title VII of the 1964 Civil Rights Act,

42 U.S.C. 2000e et. seq. ("Title VII"); 5 U.S.C. 2302 et seq.; Whistleblower Protection Act

("WPA") of 1989 (Public Law 101-12) 5 U.S.C. 2302(b)(8).  In addition, Plaintiff Dr. Yuri

Stoyanov brought this action under the provisions of 42 U.S.C. §1983 to recover damages against

individual defendants who acted "under color of law" to deprive Plaintiff of constitutional rights and

protections under federal statutes.

3.      The actions described herein occurred within the confines of the District of Columbia, and

consist of actions within the jurisdiction and venue of the United States District Court pursuant to

Federal Rules of Civil Procedure 4 (e) and 4 (i).

4.      This Court has jurisdiction of this matter pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1367, 28

U.S.C. 1343, 5 U.S.C. 2302, and 42 U.S.C. 1983.

5.      Jurisdiction over Dr. Yuri J. Stoyanov's Title VII claim is conferred by 42 U.S.C. 2000e-

5(f)(3).  Jurisdiction over his ADEA claim is conferred by 29 U.S.C. 626(c)(1). Jurisdiction over

individual defendants is conferred by 42 U.S.C. §1983.

6.      Venue is proper in this district pursuant to the general venue statute, 28 U.S.C. 1391, 1331, 1332, 1367, 29 U.S.C. 621 et seq., 42 U.S.C. §1983, and under Title VII's special venue statute, 42 U.S.C. 2000e-5(f)(3).

## PARTIES

7.      Plaintiff Dr. Yuri J. Stoyanov was at all material times herein a resident of Fulton, Maryland and employed as Scientist, ND-1310-4, Department of the Navy, Carderock Division, Naval Surface Warfare Center, Code 743, 9500 McArthur Boulevard, West Bethesda, MD 20817-5700.

8.      Plaintiff Dr. Yuri J. Stoyanov is 53 years old and is the United States citizen. Plaintiff Dr. Yuri J. Stoyanov was born in Russia on April 7, 1955.

9.      The Defendant Donald C. Winter, Secretary of the United States Navy is sued in his official capacity representing the United States Department of the Navy.

10.     At all times relevant hereto U.S. Department of the Navy, Naval Sea System Command, 1333 Isaac Hull Avenue, S.E., Washington Navy Yard, D.C. 200376 was in this judicial district.

11.     Defendant Gary M. Jebsen appointed and acting as the Head of the O5T office Naval Sea System Command, 1333 Isaac Hull Avenue, S.E., Washington Navy Yard, D.C. 200376, and as the Head of Code 70, Department of the Navy, Carderock Division, Naval Surface Warfare Center, 9500 McArthur Boulevard, West Bethesda, MD 20817-5700.  Defendant Jebsen was acting under color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs and usages of the United States Navy since June 2002.  He is sued individually and in his official capacity.

12.     Defendant Ms. Linda Rosales appointed and acting as the Administrative Officer of O5T office, Naval Sea System Command, Washington Navy Yard, D.C. 200376, 1333 Isaac Hull Avenue, S. E. Washington Navy Yard, D.C. 200376, and was acting under color of law, to wit,

under the color of statutes, ordinances, regulations, policies, customs and usages of the United States Navy. She is sued individually and in her official capacity.

13.    Defendant Anthony Verducci appointed and acting as the Agency Representative, Naval Sea System Command, Washington Navy Yard, D.C. 200376, 1333 Isaac Hull Avenue, S. E. Washington Navy Yard, D.C. 200376, and was acting under color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs and usages of the United States Navy. He is sued individually and in his official capacity.

14.    At all times hereto, Department of the Navy, Naval Sea System Command, Washington Navy Yard, D.C. 200376, 1333 Isaac Hull Avenue, S. E. Washington Navy Yard, D.C. 200376, has been an employer within the meaning of the Title VII, the ADEA and WPA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15.    On or about February 4, 2002, Plaintiff Dr. Yuri J. Stoyanov filed first Equal Employment Opportunity ("EEO") discrimination complaint with the agency because of unlawful discrimination against Plaintiff on account of his national origin and age, Agency Docket Number DON 02-00167-002. Since that time agency officials had escalated violations of laws, intentional discrimination and retaliations against Plaintiff and his brother Dr. Aleksandr Stoyanov.

16.    Plaintiff Dr. Yuri J. Stoyanov was forced to file additional EEO complaints of discrimination and retaliations that resulted in claims of intentional discrimination accepted by the agency EEO office.

17.    Department of the Navy failed to properly prosecute, discipline or subject to any sanctions the Defendant officials involved in escalated intentional violation of laws, discrimination and retaliations and, as a result, officials of the Navy were caused and encouraged to believe that

objectively unreasonable, unjustified violations of laws, and unlawful discrimination on the bases of age and national origin and retaliations for participation in EEO and Whistleblowing activities could be used, and that in fact were permitted by the Secretary of the Navy Defendant Donald C. Winter.

18.    The claims of intentional discrimination and unlawful retaliations against Plaintiff Dr. Yuri J. Stoyanov for participation in protected Whistleblowing and EEO activities, which had been investigated by the Office of Complaints Investigation ("OCI") of the Department of Defense.

19.    On September 16, 2003, in the first EEO Commission ("EEOC") case the agency was found to intentionally discriminate against the Plaintiff's brother in unlawful reprisal for participation in EEO discrimination complaint activity. On April 4, 2005, the EEO Commission Office of Federal Operations ("EEOC-OFO") notified Plaintiff Dr. Yuri J. Stoyanov of his right to file a civil action with regard to the first EEOC case. On June 14, 2005, Plaintiff Dr. Yuri J. Stoyanov timely filed civil action related to the first EEOC case in the United States District Court for the District of Maryland, Case No. RDB-05-1611.

20.    On September 7, 2004, in the second EEOC case agency again was found to intentionally discriminate against the Plaintiff's brother. The second EEOC case is not part of this civil action case nor the prior (first) case. On March 2, 2006, the EEOC-OFO notified Plaintiff Dr. Yuri J. Stoyanov of his right to file a civil action with regard to the second EEOC case. On 17 May 2006, Plaintiff timely filed a civil action related to the second EEOC hearing case that is in the United States District Court for the District of Maryland, Case No. RDB-06-1244.

21.    In 2003, after the EEOC decision finding unlawful discrimination against the Plaintiff's brother in the first EEOC case, agency officials intentionally escalated violations of laws and discrimination against the Plaintiff in reprisal for participation in protected EEO and Whistleblowing

activities and as part of continuous discrimination against Plaintiff on bases of age and national origin.

22. Plaintiff Dr. Yuri J. Stoyanov was forced to file additional EEO complaints of discrimination and retaliations that resulted in claims of intentional discrimination accepted by the agency EEO office.

23. The claims of intentional discrimination and unlawful retaliations against Plaintiff Dr. Yuri J. Stoyanov for participation in protected EEO and Whistleblowing activities had been investigated by OCI and Plaintiff timely requested a hearing by the Washington DC and Baltimore EEOC field offices.

24. Defendants continued to escalate intentional violations of laws and discrimination against Plaintiff and Plaintiff's brother Dr. Aleksandr Stoyanov in reprisal for participation in prior EEO discrimination complaint activities and Whistleblowing activities and as part of continuous discrimination on bases of age and national origin. Defendants continued to act willfully and in reckless disregard of Plaintiff's constitutional rights.

25. Department of the Navy failed to take immediate remedial measures, discipline, or subject to any sanctions the individual Defendants involved in intentional discrimination and retaliations against Plaintiff and, as a result, Defendants continued conspiracy to commit violations of laws, fraud and willfully and negligently discriminated against Plaintiff by maliciously denying Plaintiff equal employment opportunities in an attempt to cover-up prior violations of laws, intentional discrimination, fraud with promotions, and to cause Plaintiff severe harm, mental anguish and economic damages and losses, including, but not limited to loss of benefits, opportunities for promotion, an appointment, and promotion to ND-5 position.

26.     Defendants conspired to commit fraud and willfully and negligently misrepresented facts and maliciously denied Plaintiff equal employment opportunities in an attempt to cover-up violations of laws, intentional discrimination, fraud with promotions, and to escalate harm and discrimination against Plaintiff. Using various pretexts to cover up the pattern of violations of laws, intentional discrimination and fraud with promotions, the Defendants in reckless disregard of federal laws and EEOC regulations intentionally corrupted the official EEO process to harm Plaintiff.

27.     Plaintiff's claims identified in the EEO discrimination complaint DON 05-00024-02031 were dismissed from administrative adjudication using various pretexts to cover up the pattern of fraud, intentional discrimination, and retaliations against Plaintiff Dr. Yuri Stoyanov.

28.     After the Washington DC EEOC field office denied hearing on EEO discrimination claims identified in formal complaints below, Plaintiff followed the administrative process and filed appeal with the EEO Commission Office of Federal Operations ("EEOC-OFO").

29.     The EEOC-OFO notified Plaintiff Dr. Yuri J. Stoyanov of his right to file a civil action against Dr. Donald C. Winter, Secretary of the Navy as the U.S. Department of the Navy official agency head with regard to claims identified in the EEO discrimination complaints DON 05-00024-02031.

30.     On May 19, 2008, the EEOC-OFO notified Plaintiff of his right to file a civil action against Dr. Donald C. Winter, Secretary of the Navy as the U.S. Department of the Navy official agency head. The EEOC-OFO notice with the decision (EEOC Appeal No. 0120081156 enclosed) was dated May 15, 2008, which Plaintiff Dr. Yuri J. Stoyanov received on May 19, 2008.

31.     This lawsuit has been timely filed within 90 days of Dr. Yuri Stoyanov's receipt of the EEOC-OFO's right-to-sue notice dated May 15, 2008.

## FACTUAL ALLEGATIONS

32.    Plaintiff Dr. Yuri Stoyanov is 53 years old and was born in Russia on April 7, 1955. He became United States citizen in 1984.

33.    From 1980 to 1986, Dr. Y. Stoyanov was working toward his Ph. D. degree in Physics. Dr. Stoyanov studied advanced physics and worked part-time as Research Associate at the Catholic University of America in Washington DC. In May 1986, Dr. Stoyanov was awarded Doctorate degree in Physics.

34.    From 1986 to 1987, Dr. Y. Stoyanov was Office of Naval Technology Postdoctoral Scientist at the Signatures and Countermeasures Branch of Ship Electromagnetic Signatures Department, Carderock Division Naval Surface Warfare Center.

35.    On September 1, 1987, Dr. Y. Stoyanov began his employment with the Department of the Navy, Carderock Division Naval Surface Warfare Center in the Scientist position at the Radar Frequency (RF) Technology Branch, Code 741 of Ship Electromagnetic Signatures Department.

36.    At all relevant times Dr. Y. Stoyanov received favorable performance evaluations and performed his job in superb manner receiving performance and service awards for outstanding service and exemplary performance.

37.    In or about 1990, vacant position of the Head of Ship Electromagnetic Signatures Department was filled by Mr. James H. King, who was a Naval Architect and had no advanced knowledge nor experience in ship electromagnetic signatures. Mr. King was born in Philadelphia, Pennsylvania on August 12, 1953.

38.    Plaintiff Dr. Y. Stoyanov continuously worked in Ship Electromagnetic Signatures Department later renamed Electromagnetic Signature Technology Department, Code 74. Plaintiff

Dr. Y. Stoyanov worked in the same RF Technology Branch, Code 741 together with his twin brother Dr. Aleksandr Stoyanov born in Russia on April 7, 1955.

39.    From 1989 to 1995, Mr. M. Sekellick was Plaintiff's first level supervisor; and from 1995 to 2000, Mr. John Davies was Plaintiff's first level supervisor while Mr. King was the second level supervisor.

40.    The pattern of continuous discrimination against Plaintiff based on national origin and age became apparent by considering Mr. King's appointment of employees to positions of responsibility and his expressed bias and preference to hire and promote significantly younger persons than his own age. Plaintiff Dr. Y. Stoyanov substantially of the same age as Mr. King.

41.    Mr. King's appointment to the second level supervisor had allowed him to abuse his administrative power and, hiding behind first level supervisors, to deliberately and systematically deny Plaintiff equal employment opportunities and promotions. Continued and unwarranted bias and discrimination against Plaintiff overwhelmed Mr. King's judgment.

42.    Mr. King excluded both the Plaintiff and his brother Dr. Aleksandr Stoyanov from the largest programs in the department 74 such as Guilder Billy Goat, Guilder Babirussa and special access programs as part of continuous discrimination against Plaintiff and his brother, the only two Russian born employees in Code 70.

43.    Mr. King discriminated against Plaintiff Dr. Y. Stoyanov on April 1, 2000, by appointing the 29-year-old Mr. Farley, a junior employee as the acting branch head to the RF Technology branch for the duration of 22 months.

44.    At the time, Mr. King stated that there was paucity of employees in the 26 to 36 year age bracket and he wanted to hire and promote younger employees with enthusiastic energy new

employees bring. Mr. King was distressed because he was above average age of 44 — clearly implying that Plaintiff was too old for the Branch Head job.

45.    The appointment of the 29-year-old Mr. Farley to the acting branch head position in April, 2000 was to deny 45 year-old Plaintiff Dr. Y. Stoyanov promotion on account of continuous discrimination based on age, national origin, and retaliation for opposing discrimination.

46.    Mr. King discriminated against Plaintiff Dr. Y. Stoyanov by appointing fraudulently Mr. Farley to the acting Branch Head of Code 741 for duration of 22 months. Indeed, Mr. Farley had very little experience in electromagnetic signature technology and never worked in the RF Technology branch Code 741 prior to his appointment, unlike Plaintiff who already established professional standing and gained more than 14 years of experience. Mr. Farley worked in the department as a junior engineer detailed to other organization, and did not posses knowledge nor had experience in the RF Technology. Mr. S. Farley had only BS degree in mechanical engineering since 1991. By contrast, Dr. Y. Stoyanov had advanced Ph. D. degree in physics since 1986, and had been an expert in the radar/electromagnetic and acoustic technologies. Mr. Farley was far less qualified to be the Branch Head of code 741 than was Dr. Y. Stoyanov.

47.    Efforts by Dr. Y. Stoyanov to resolve the unsatisfactory working conditions to which Mr. King subjected Dr. Y. Stoyanov and his brother Dr. A. Stoyanov were unsuccessful and Mr. King in conspiracy with subordinates continued intentional discrimination.

48.    On February 4, 2002, Plaintiff Dr. Y. Stoyanov and his brother Dr. Aleksandr Stoyanov filed first EEO discrimination complaint after Mr. King committed the most egregious act of intentional discrimination by denying promotion to Plaintiff and promoting Mr. Farley with inferior qualifications to the position of permanent Branch Head of Code 741. The egregious discrimination

and fraud with promotion were blatant when Mr. King by manipulating selection process, using his subordinates promoted Mr. Farley with far inferior qualifications than Dr. Stoyanov's qualifications because Mr. Farley was 14 years younger and born in Kansas.

49.    In April 2002, i.e. one month after Plaintiff filed first formal EEO discrimination complaint with the agency EEO office, Defendants retaliated against Plaintiff for participation in EEO discrimination complaint process and by fraud transferred Plaintiff involuntarily to another technology department from the department 741 where Plaintiff worked for over fifteen years since 1986.

50.    After Plaintiff filed EEO discrimination complaint and during the resulting investigation, the pattern of numerous secret fraudulent promotions to ND-5 positions of employees with inferior qualifications than Plaintiff's qualifications was uncovered in Code 70. The secretly and fraudulently promoted employees were as a rule significantly younger than Plaintiff, American-born individuals who did not participate in protected EEO discrimination complaint activities.

51.    Since June 2002, Defendant Mr. G. Jebsen became the Head of Code 70 and in conspiracy with subordinates continued and in fact escalated intentional discrimination against Plaintiff Dr. Y. Stoyanov and his brother Dr. A. Stoyanov on the bases of national origin, age, and in reprisal for participation in prior EEO discrimination complaint activity and Whistleblowing activities.

52.    Defendant Mr. Jebsen in conspiracy with subordinates and agency representative Mr. D. Caron escalated continuous discrimination and reprisals in order to obstruct and impede official process and harm the Plaintiff.

53.    In October 2003, i.e. one month after EEOC found that agency officials committed intentional discrimination against Plaintiff's brother, Defendant Jebsen in conspiracy with his

subordinates retaliated and removed Plaintiff's brother Dr. Aleksandr Stoyanov on fabricated

charges from the Scientist position and transferred Plaintiff involuntarily to another technology

department to escalate intentional retaliations and to intimidate Plaintiff from asserting his rights

against wrong and prohibited personnel actions.

54.    Defendant Jebsen in conspiracy with subordinates intentionally denied Plaintiff directly

funded work from projects that were available in Code 74 in order to escalate retaliations, create

hostile intolerable working conditions, and aggravate harassment.

55.    As a part of continuous pattern of discrimination and retaliations against the Plaintiff on

bases of age, national origin, and in reprisal for participation in prior Whistleblowing and EEO

discrimination complaint activities, Defendant Jebsen in conspiracy with subordinates denied

Plaintiff promotions, positions of higher responsibility, special access programs, and employment

opportunities leading to promotions, aggravated harassment and created intolerable working

conditions.

56.    Additional EEO discrimination complaints are still pending either at the hearing or appeal

stages at the EEO Commission. Plaintiff had not been notified by the EEO Commission of his right

to file civil action with regard to those additional EEO discrimination complaints. The instant civil

action encompasses claims in the following EEO discrimination complaints DON 05-00024-02031.

57.    Defendant Mr. Jebsen in conspiracy with subordinates and agency representative Mr. D.

Caron deliberately escalated intentional discrimination and reprisals against Plaintiff in order to

obstruct and impede official process by maliciously abusing administrative power, committing fraud

and negligent misrepresentations, aiding and abetting in violation of civil rights and Federal laws to

intentionally inflict emotional distress, economic damages, and deprive the Plaintiff of constitutional

rights and rights as set in the civil service laws 5 USC 2302 and 5 USC 2301 that forbid personnel actions based on the prohibited personnel practices and require that federal personnel management be implemented consistent with the merit system principle.

58.    Defendant Jebsen and the agency administration were well aware about unlawful discrimination, aggravated harassment, hostile work environment, and retaliations against Plaintiff and Plaintiff's brother Dr. Aleksandr Stoyanov; however, failed to respond immediately and appropriately but intentionally committed additional violations of laws, discrimination and harsher retaliatory actions against Plaintiff.

59.    Defendant Jebsen and the agency administration failed to implement remedial measures and instead intentionally denied all Plaintiff's appeals to stop and end violations of Plaintiff's rights and blatant discrimination against the Plaintiff and in fact escalated intentional violations of laws and discrimination unlawfully and without probable, just or legal cause in retaliation for Plaintiff's participation in EEO and Whistleblowing activities.

60.    Defendant Jebsen in conspiracy with his subordinates and Mr. Caron intentionally escalated violations of laws and discrimination as was established during Plaintiff's participation in the first and the second EEO Commission hearings.  On September 30, 2002, Defendant Jebsen instructed his Deputy Mr. Gerald Smith to escalate discrimination: "It's time to crack down on them [Stoyanovs]…Dave Caron has mentioned it twice now," which undeniably identified conspiracy to escalate discrimination against the Plaintiff and his brother Dr. Aleksandr Stoyanov.

61.    Defendant Jebsen expressed his intent and vindictive desire to retaliate against Plaintiff Dr. Yuri Stoyanov in reprisal for Plaintiff's participation in Whistleblowing and EEO discrimination complaint activities and continuous intentional discrimination on account of Plaintiff's national

origin and age. Defendant Jebsen was intent to continue discrimination and unwilling to resolve

egregious discrimination committed by Mr. King stating: "I don't like the sound of mediation;

implies we have some grounds for compromise" in the email of July 29, 2002, to Mr. King

responsible for egregious prior discrimination against the Plaintiff.

62.    The email of July 29, 2002, established direct evidence of Defendant Jebsen's intent to

continue intentional discrimination against Plaintiff and his brother Dr. Aleksandr Stoyanov.

63.    Defendant Jebsen was intent to continue discrimination against Plaintiff and in fact

Defendant Jebsen in conspiracy with subordinates intentionally denied Plaintiff promotions,

assignments to ND-5 position, incentive pay Demo points, and aggravated harassment in reprisal for

Plaintiff's participation in Whistleblowing and EEO activities as part of continuous discrimination

on account of age and national origin.

64.    Defendant Jebsen in conspiracy with subordinates maliciously and intentionally escalated

violations of laws, discrimination and imposed discriminatory restrictions and requirements against

Plaintiff in order to obstruct and impede official process and to aggravate harassment against

Plaintiff to retaliate and to impose disciplinary actions against Plaintiff in an attempt to obfuscate

prior egregious violations of EEO Commission regulations and Federal laws.

65.    Defendant Jebsen in conspiracy with subordinates denied Plaintiff assignments to work on

department largest programs such as Guilder Billy Goat, Guilder Babirussa and special access

projects because of the Plaintiff's national origin. Plaintiff was denied assignments to work on

special access projects in spite of superior qualifications, Top Secret security clearance, and

experience working in Code 70 for more than 16 years.

66.     The pattern of desperate treatment, continuous discrimination and retaliations against the Plaintiff was established when Plaintiff was denied promotions to ND-5 (GS-14 and GS-15) positions of higher responsibility as part of continuous discrimination on bases of age, national origin, and in reprisal for participation in Whistleblowing and EEO activity.  Defendant Jebsen in conspiracy with subordinates intentionally discriminated against the Plaintiff by denying Plaintiff numerous promotions, creating intolerable hostile working condition, and violating Plaintiff's rights.

67.     Plaintiff has filed specific EEO discrimination claims with the EEO office since February 2002 as related to the escalation of discrimination. These claims provide undisputed pattern and evidence that Defendant Jebsen in conspiracy with subordinates intentionally and maliciously escalated violations of laws and continuous discrimination against Plaintiff.

68.     The EEOC Administrative Judge twice found that agency committed intentional discrimination against Plaintiff's brother in two separate hearings in 2003 and 2004.  Nevertheless, Defendants had continued violations of laws, fraud with promotions and the pattern of intentional discrimination and retaliations against Plaintiff. These  cases are now pending adjudication in the US District Court; See *Stoyanov v. Winter, et al.*, Civil Action Nos. RDB-06-1244, and RDB-07-1764 filed on July 7, 2007, RDB-07-1863 filed on July 16, 2007, RDB-07-1953, RDB-07-1985 filed on July 23, 2007, another action AMD-08-1834 filed on July 14, 2008.

69.     The EEO Commission and agency administration failed to properly discipline or subject to any sanctions Defendants for violations of laws, intentional misrepresentations, and retaliations thus encouraging Defendant Jebsen in conspiracy with agency officials to further escalate violations of laws, fraud, and discrimination in the vicious circle of continuous discrimination, obstruction of official process, retaliations, and cover up of discrimination against the Plaintiff.

70.     The fact that Defendant Jebsen was not credible was established during the Hearings of the first and the second EEOC discrimination cases in 2003 and 2004. The agency representative Mr. Caron suborned and conspired with Defendant Jebsen and others to make false and misleading statements, to obstruct and impede official process, and attempted to cover up intentional discrimination against the Plaintiff.

71.     The employment actions of intentional discrimination and retaliations against Plaintiff were timely filed in the Plaintiffs' EEO discrimination complaint DON 05-00024-02031 that further established the pattern of desperate treatment, continuous discrimination, aggravated harassment, hostile work environment, and retaliations against the Plaintiff when Plaintiff was denied promotion to ND-5 (GS-14 and GS-15) position of higher responsibility as part of continuous pattern of discrimination on bases of age, national origin, and in reprisal for participation in EEO and Whistleblowing activities.

72.     Defendant Jebsen, his superiors and subordinates were well aware about unlawful discrimination, aggravated harassment, hostile work environment, and retaliations against Plaintiff.

73.     As a consequence of premeditated discrimination and reprisals Defendant Jebsen in conspiracy with subordinates and others maliciously violated clearly established Plaintiff's rights by intentionally depriving Plaintiff of his rights, privileges or conditions secured by the Constitution and laws.

74.     Defendants entered into an understanding or agreement, expressed or tacit, to participate in a common scheme, plan or design under the color of Federal laws to escalate discrimination, to deprive the Plaintiff of his constitutional and statutory rights and to inflict additional harm.

75.    Defendant Jebsen acting in conspiracy with his subordinates including Defendant Rosales

and others intentionally manipulated selection process, changed position title to hide vacancy,

deliberately failed to advertise vacancy at the Carderock Division to preclude Plaintiff from learning

about timely information and to preclude Plaintiff from applying for the vacant position in order to

deny Plaintiff promotion, to promote employee with inferior qualifications than Plaintiff's

qualifications, and to harm Plaintiff.

76.    Defendant Jebsen conspired with his subordinates including Defendant Rosales and others to

deny Plaintiff Dr. Stoyanov promotion and assignments to the ND-5 Director of Non-Acoustic

Signature Division position in reprisal for Plaintiff's participation in prior EEO and Whistleblowing

activities and as part of continuous discrimination against Plaintiff on the basis age and national

origin.

77.    As part of continuous pattern of discrimination on bases of age, national origin, and in

reprisal for participation in EEO and Whistleblowing activities, Defendant Jebsen intentionally

discriminated against Plaintiff while individuals with inferior qualifications (Mr. Wiersteiner, Mr.

Monkevich, Mr. Schildt, Mr. R. Green, Mr. J. Hellmann, Mr. J. Wojno, Mr. Drew Meyer, Ms. Aisha

Jenkins) were fraudulently assigned and promoted to ND-5 positions. The prior promotions of

American-born Ms. Vanderveer, Ms. Nalchajian, Mr. Crock, Mr. Young, Ms. Beer, Mr. Vignali and

others clearly established pattern and practice of intentional discrimination against Complainant on

bases of age, national origin, and in reprisal for Plaintiff's participation in prior EEO and

Whistleblowing activities.

78.    The claims related to the violations of Plaintiff's rights, tangible employment actions, and

materially adverse employment actions identified below:

79.    On September 2, 2005, Plaintiff (Dr. Yuri Stoyanov) learned that Defendant Jebsen

continued intentional discrimination against the Plaintiff on bases of age 50 (DOB 4/7/55), national

origin (born in Russia), and in reprisal for participation in EEO and Whistleblowing activities when

Defendant Jebsen in conspiracy with his subordinates denied Dr. Stoyanov selection and promotion

to the ND-5 position as the Director of Non-Acoustic Signatures Division 05T1 at NAVSEA by

assigning and promoting Mr. Richard Wiersteiner with inferior qualifications than Dr. Stoyanov's

qualifications because Mr. Wiersteiner was significantly (more than 9 years) younger than Dr.

Stoyanov, not born in Russia and did not participate in prior protected activities.

80.    Despite Plaintiff's repeated applications, his superb qualifications, and his expressed desire

to accept any available ND-5 position, Defendant Jebsen refused to promote Plaintiff to numerous

vacancies available in Code 70 and NAVSEA, and, in fact, intentionally denied Plaintiff opportunity

to apply, be considered for selection, and promoted when far less qualified than the Plaintiff and a

significantly younger individual was fraudulently promoted to the ND-5 interdisciplinary position as

Director of Non-Acoustic Signature Division, O5T1.

81.    Defendant Jebsen knew the age difference among potential candidates for the position and

was well aware that Plaintiff was the most qualified and significantly older than far less qualified

Mr. Wiersteiner.

82.    To preclude Plaintiff from applying, Defendant Jebsen conspired with his subordinates

including Defendant Rosales to deny Plaintiff the information how to apply for the Director of Non-

Acoustic Signature Division position.

83.    The position description for the Director of Non-Acoustic Signature Division prepared by

Defendant Jebsen and Defendant Rosales in April 2005, established manipulations and fraud with

the vacancy by limiting vacancy only to GS-0871 Naval Architect job series and area of consideration to the NAVSEA HQ's/PEO's.

84.    The deception and fraud with the vacancy announcement by Defendant Jebsen and Defendant Rosales clearly violated regulations because the interdisciplinary Director of Non-Acoustic Signature Division position is a critical acquisition position.

85.    As part of the pattern of fraud and negligent misrepresentations, Defendants continued intentional discrimination against Plaintiff in reprisal for participation in EEO and Whistleblowing activities and on bases of age and national origin.

86.    To cover up fraud, negligent misrepresentations, and intentional discrimination and retaliations against Plaintiff, Defendant Verducci denied documents and evidence with regard to the "flier for the Supervisory Naval Architect announcement number DON0871" that was intentionally limited only to the NAVSEA HQ's/PEO's and issued sometime from April 28, 2005 until May 31, 2005.

87.    Defendant Verducci willfully and knowingly, corruptly influenced, abused administrative process, obstructed and impeded, and endeavored to influence, obstruct and impede the due and proper administration of the law and violated Plaintiff's rights.

88.    Defendant Verducci intentionally failed to produce information and the substance of any documents used regarding regulations for preparing announcement, area of consideration, initial screening, and processing of the applications for the vacancy announcement Supervisory Naval Architect, GS-0871-15, DON0871 at the HRCS-NW in Silverdale, WA instead of HRSC-NE in Philadelphia, PA.

89.    Defendant Verducci intentionally failed to produce documents and evidence with regard to the "flier for the Supervisory Naval Architect announcement number DON0871" that was intentionally limited only to the NAVSEA HQ's/PEO's and issued sometime from April 28, 2005 until May 31, 2005.

90.    Additional claims of intentional discrimination, malicious abuse of administrative power, fraud and negligent misrepresentations, violations of Plaintiff's rights and Federal laws pending administrative adjudication are not part of this complaint. Other claims, specifically identified in the EEO Commission notices of right to file civil action, are filed against other or additional Defendants and addressed in different complaint to be adjudicated separately.

91.    Defendant Jebsen and his co-conspirators Defendant Rosales, Defendant Verducci and others maliciously and intentionally escalated discrimination, reprisals, and made material misrepresentations to intentionally obstruct, impede, and deny fair official process in order to obfuscate prior egregious violations of Plaintiff's rights and Federal laws severely harming Plaintiff.

92.    Defendants Jebsen, Rosales, and others conspired to violate Plaintiff's rights and maliciously mislabeled vacancy announcement, excluded Complainant's job series 1310 –Physicist from the vacancy announcement that was intentionally mislabeled as the Supervisory Naval Architect, job series 0871 instead of the Director of Non-Acoustic Signatures Division 05T1, denied Plaintiff considerations for promotion by manipulating selection process for positions at the Department of the Navy, maliciously abusing administrative power, committing fraud and negligent misrepresentations, aiding and abetting in violation of civil rights and Federal laws to intentionally inflict emotional distress, economic damages, and deprive the Plaintiff Dr. Yuri Stoyanov of constitutional rights and rights as set in the civil service laws 5 USC 2302 and 5 USC 2301.

93.    Defendants conspired to intentionally escalate discrimination, retaliations, and to maliciously inflict emotional distress, economic damages, and to deprive Plaintiff of constitutional rights and rights as set in the civil service laws 5 USC 2302 and 5 USC 2301 that forbid personnel actions based on the prohibited personnel practices and require that federal personnel management be implemented consistent with the merit system principles.

94.    Defendant Jebsen was intent to continue discrimination and unwilling to resolve egregious discrimination against Plaintiff. Defendants' malicious, intentional, and unlawful acts were intended to harm Plaintiff professionally and financially, to inflict mental anguish, and continue pattern of intentional discrimination, retaliations, and denial of due process in reprisal to Plaintiff's EEO discrimination complaints and Whistleblowing activities.

95.    The Secretary of the Navy and the agency administration were well aware about intentional discrimination, aggravated harassment and retaliations, however failed to respond immediately and appropriately but intentionally, willfully, maliciously, and deliberately continued discrimination against the Plaintiff causing Plaintiff to suffer severe stress, economic damages, mental and physical pain from the callous disregard of basic norm and Plaintiff's rights.

96.    To cover up fraud with promotions and intentional discrimination, Defendant Rosales acting as agency administrative officer, Defendant Verducci acting as agency representative conspired with Defendant Jebsen, and others to violate Plaintiff's rights and to escalate discrimination against Plaintiff.

97.    Defendants deliberately and maliciously violated Plaintiff's rights and attempted to cover-up Defendants own wrongdoing and violations of EEO Commission regulations, Federal laws, and the Navy policy of zero tolerance to discrimination.

98.     Plaintiff Dr. Yuri Stoyanov has suffered and continues to suffer severe economic damages including substantial loss of earnings to which he otherwise would have been entitled. This also includes, but not limited to the loss of salary increases, incentive pay, pension allowances and future earnings.

99.     Plaintiff's age and national origin were motivating factors in Defendants' decision to discriminate against the Plaintiff on the bases of age, national origin and in reprisal for prior EEO and Whistleblowing activities.

100.    Plaintiff Dr. Yuri Stoyanov was harmed and has suffered severe emotional distress, economic damages, damages to his reputation and his career as a direct and proximate cause of Defendants' malicious abuse of administrative power, fraud and willful misrepresentations, violations of civil rights, Federal laws, and prohibited personnel practices to escalate intentional discrimination against Plaintiff in reprisal for prior EEO and Whistleblowing activities and continuous discrimination on the bases of age and national origin. Dr. Yuri Stoyanov has experienced severe physical pain and suffering, mental anguish, and the loss of enjoyment of life's pleasures.

101.    Defendants and department of the Navy officials acted willfully and in reckless disregard of Dr. Yuri Stoyanov's constitutional rights and rights under Title VII, the ADEA, and Whistleblower Protection Act by intentionally discriminating against Plaintiff on account of his age, national origin, and in reprisal for prior EEO discrimination complaint and Whistleblowing activities.

102.    By the actions described above, Defendants deprived the Plaintiff Dr. Yuri Stoyanov of his constitutional rights and rights clearly established and well-settled in the Federal laws, the civil service laws as set in 5 USC 2302 that forbid personnel actions based on the prohibited personnel

practices and the civil service laws as set in 5 USC 2301 requiring that federal personnel

management be implemented consistent with the merit system principle.

103. For more than 14 years Plaintiff had acceptable performance and outstanding achievements

that were deliberately and maliciously maligned by Defendants' perjuries, fraud, and baseless

accusations in violations of Plaintiff's constitutional rights, Federal laws, EEO Commission

regulations, and the Navy policy.

104. Defendants expressly or implicitly agreed to participate in violations of Plaintiff's rights,

Federal regulations and the civil service laws as set in 5 USC 2302 that forbid personnel actions

based on the following prohibited personnel practices: 1) Discriminating on the basis of age and

national origin; 2) Considering employment recommendations not based on records of the

individual's work performance, ability, aptitude, general qualifications, and suitability; 3) Giving

unauthorized preferential treatment to any employee or applicant; 4) Deceiving or willfully

obstructing anyone from competing for employment. 5) Taking or failing to take, or threatening to

take or fail to take, a personnel action because of exercising an appeal complaint or grievance right.

Defendants also violated civil service law (5 U.S.C. 2301) requiring that federal personnel

management be implemented consistent with the merit system principle stating in part that

employees should be protected against arbitrary action, personal favoritism, and reprisal for the

lawful disclosure of information which the employee reasonably believes.

105. Defendants maliciously and intentionally escalated violations of laws, discrimination,

harassment, fraud, and retaliations to intentionally obstruct, impede, and violate Plaintiff's

constitutional rights and deny due process in order to obfuscate Defendants' prior egregious

violations of Federal laws.

## STATEMENT OF CLAIMS

### COUNT 1. VIOLATION OF THE ADEA

106.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 105 above as if fully set forth herein.

107.    Defendants denied to Plaintiff Dr. Y. Stoyanov equal employment opportunities and promotion on account of his age and thereby violated his right to equal employment opportunity as protected by the ADEA.

108.    The Department of the Navy was aware, or should have been aware of repeated incidents of Defendants' willful violation of the ADEA, but the Secretary of the Navy failed to properly prosecute, discipline or subject to any sanctions the Defendant officials involved in illegal discrimination and reckless disregard for Plaintiff's rights.

109.    As a direct and proximate result of the Defendant's willful violation of the ADEA, Plaintiff suffered economic damages and losses, including, but not limited to the loss of salary increases, promotion, incentive pay, pension allowances and future earnings, lost income, discouragement, embarrassment, emotional distress, severe anxiety, stress, and frustration, physical injury, indignity and reduced quality of life. Plaintiff is threatened with further injury that is irreparable in nature.

### COUNT 2. VIOLATION OF TITLE VII (NATIONAL ORIGIN)

110.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 109 above as if fully set forth herein.

111.    Defendants denied to Plaintiff Dr. Stoyanov equal employment opportunities and promotion on account of his national origin and thereby violated his right to equal employment opportunity as protected by Title VII.

112.    Defendant Donald C. Winter, Secretary of the Navy, permitted and tolerated a pattern and practice of objectively unreasonable, unjustified, and illegal discrimination prior to and including these depravations of Plaintiff Dr. Stoyanov's rights.

113.    Defendant Jebsen in conspiracy with Defendant Rosales and others maliciously, intentionally or with a reckless disregard for Plaintiff's rights subjected the Plaintiff Dr. Y. Stoyanov to these deprivations.

114.    The Department of the Navy was aware, or should have been aware of repeated incidents of intentional discrimination, but the Secretary of the Navy failed to properly prosecute, discipline or subject to any sanctions the Defendants involved in unlawful discrimination and reckless disregard for Plaintiff's rights.

115.    As a direct and proximate result of the acts and omissions, Plaintiff Dr. Y. Stoyanov suffered severe and permanent damages including but not limited to severe pain and suffering, emotional distress, injury to health and reputation, economic losses, and damages to Plaintiff's career.

116.    As a direct and proximate result of the Defendant's willful violation of Title VII because of national origin, Plaintiff suffered economic damages and losses, including, but not limited to the loss of salary increases, promotion, incentive pay, pension allowances and future earnings, lost income, discouragement, embarrassment, emotional distress, severe anxiety, stress, and frustration, physical injury, indignity and reduced quality of life. Plaintiff is threatened with further injury that is irreparable in nature.

## COUNT 3. RETALIATION AND REPRISAL IN VIOLATION OF ADEA AND TITLE VII

117.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 116 above as if fully set forth herein.

118.    Defendants retaliated against Plaintiff Dr. Stoyanov and denied equal employment opportunities and promotion in reprisal for participation in EEO discrimination complaint activity and thereby violated his right to equal employment opportunity as protected by ADEA and Title VII.

119.    Defendant Jebsen in conspiracy with Defendant Rosales, Defendant Verducci, and others retaliated against Plaintiff and subjected the Plaintiff Dr. Y. Stoyanov to these deprivations of his rights maliciously, intentionally or with a reckless disregard for Plaintiff's rights in vindictive desire to harm Plaintiff in reprisal for participation in prior EEO discrimination complaint activity and Whistleblowing activities.

120.    The Department of the Navy was aware of repeated incidents of retaliations against Plaintiff in reprisal for participation in EEO discrimination complaint activity and Whistleblowing activities, but the Secretary of the Navy failed to properly prosecute, discipline or subject to any sanctions the Defendants involved in unlawful discrimination and reckless disregard for Plaintiff's rights.

121.    As a direct and proximate result of the Defendant's willful violation of ADEA and Title VII , Plaintiff suffered economic damages and losses, including, but not limited to the loss of salary increases, promotion, incentive pay, pension allowances and future earnings, lost income, discouragement, embarrassment, emotional distress, severe anxiety, stress, and frustration, physical injury, indignity and reduced quality of life.  Plaintiff is threatened with further injury that is irreparable in nature. Plaintiff Dr. Yuri Stoyanov suffered severe harm to reputation and professional status exacerbated by discriminatory acts and retaliations for participation in EEO activity.

### COUNT 4. VIOLATIONS OF THE WHISTLEBLOWER PROTECTION ACT OF 1989 (PUBLIC LAW 101-12)

122.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 121 above as if fully set forth herein.

123.    Defendants denied to Plaintiff Dr. Stoyanov equal employment opportunities and promotion by committing prohibited personnel actions against Plaintiff Dr. Stoyanov on account of his Whistleblowing activities and thereby violated the Whistleblower Protection Act of 1989 (Public Law 101-12).

124.    Defendant Jebsen, Defendant Rosales, and Defendant Verducci subjected the Plaintiff Dr. Y. Stoyanov to these deprivations of his rights maliciously, intentionally or with a reckless disregard for Plaintiff's rights guaranteed by the Constitution and laws.

125.    As a direct and proximate result of the Defendants' willful violation of the Whistleblower Protection Act of 1989 (Public Law 101-12), Plaintiff suffered economic damages and losses, including, but not limited to the loss of salary increases, promotion, incentive pay, pension allowances and future earnings, lost income, discouragement, embarrassment, emotional distress, severe anxiety, stress, and frustration, physical injury, indignity and reduced quality of life.  Plaintiff is threatened with further injury that is irreparable in nature.

### COUNT 5.  CONSPIRACY TO VIOLATE CIVIL RIGHTS

126.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 125 above as if fully set forth herein.

127.    At all relevant times, each Defendant knew of the discrimination against Plaintiff and of the intention of those other Defendants and expressly or implicitly agreed to participate in escalation of discrimination against Plaintiff on the bases of age, national origin, and in reprisal for participation in EEO and Whistleblowing activities.  Individual Defendants entered into an understanding or agreement, expressed or tacit, to participate in a common scheme, plan or design under the color of Federal laws to deprive the Plaintiff of his constitutional and statutory rights.

128.    By virtue of their participation in the aforementioned conspiracy, each of the Defendants

jointly and severally liable for damages resulting from any such violations of Plaintiff's civil rights

and the Whistleblower Protection Act.

129.    Defendant Jebsen in conspiracy with Defendant Rosales and Defendant Verducci subjected

the Plaintiff Dr. Y. Stoyanov to these deprivations of his rights maliciously, intentionally,

vindictively or with a reckless disregard for Plaintiff's rights guaranteed by the Constitution and

laws.

130.    By reason of the acts done by one or more of the Defendants in furtherance of the

aforementioned conspiracy, Plaintiff has suffered economic damages and losses, including but not

limited to the loss of salary increases, promotion, incentive pay, pension allowances and future

earnings, lost income, discouragement, embarrassment, emotional distress, severe anxiety, stress,

and frustration, physical injury, indignity and reduced quality of life. Plaintiff is threatened with

further injury that is irreparable in nature. Plaintiff Dr. Yuri Stoyanov suffered severe harm to

reputation exacerbated by discriminatory acts and retaliations for participation in EEO and

Whistleblowing activities.

## COUNT 6. AIDING AND ABETTING VIOLATIONS OF CIVIL RIGHTS LAWS

131.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of

paragraphs 1 through 130 above as if fully set forth herein.

132.    Each Defendant has aided and abetted the unlawful discriminatory polices or practices set

forth in Count 1, Count 2, Count 3, Count 4, and Count 5 in willful violation of ADEA, Title VII of

the Civil Rights Act, and the Whistleblower Protection Act.

133.    The conduct of Defendants was intentional, deliberate, oppressive, motivated by malice in

reckless disregard for the rights of Plaintiff guaranteed by the Constitution and laws.

134.    Each Defendant is jointly and severally liable for aiding and abetting in the commission of

their discriminatory policies or practices.

135.    By reason of Defendants' conduct in aiding and abetting the violations of the civil right laws

set in Count 1, Count 2, Count 3, Count 4, and Count 5, Plaintiff has suffered economic damages

and losses, including, but not limited to the loss of salary increases, promotion, incentive pay,

pension allowances and future earnings, lost income, discouragement, embarrassment, emotional

distress, severe anxiety, stress, and frustration, physical injury, indignity and reduced quality of life.

Plaintiff is threatened with further injury that is irreparable in nature.

### COUNT 7. OBSTRUCTION OF OFFICIAL PROCESS (Implied private right of action)

136.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of

paragraphs 1 through 135 above as if fully set forth herein.

137.    Defendant Jebsen, Defendant Rosales, Defendant Verducci, and others obstructed and

impeded official processes in violation of 18 U.S.C. 1512 to cover up intentional discrimination,

reprisals, aggravated harassment and violations of laws and regulations subjecting the Plaintiff Dr.

Y. Stoyanov to these deprivations of his rights maliciously, intentionally, vindictively or with a

reckless disregard for Plaintiff's rights guaranteed by the Constitution and laws.

138.    As a direct and proximate result of the Defendants' willful violations, Plaintiff suffered

economic damages and losses, including, but not limited to the loss of salary increases, promotion,

incentive pay, pension allowances and future earnings, lost income, discouragement, embarrassment,

emotional distress, severe anxiety, stress, and frustration, physical injury, indignity and reduced

quality of life. Plaintiff is threatened with further injury that is irreparable in nature. Plaintiff Dr.

Yuri Stoyanov suffered severe harm to reputation exacerbated by discriminatory acts and retaliations

for participation in EEO and Whistleblowing activities.

## COUNT 8. ABUSE OF ADMINISTRATIVE POWER

139.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of

paragraphs 1 through 138 above as if fully set forth herein.

140.    Defendant Jebsen in conspiracy with Defendant Rosales and Defendant Verducci acting

under the color of Federal laws in official capacity misused and interfered with administrative

processes to subject the Plaintiff Dr. Y. Stoyanov to these deprivations of his rights maliciously,

intentionally, and vindictively or with a reckless disregard for Plaintiff's rights guaranteed by the

Constitution and laws.

141.    As a direct and proximate result of the Defendants' willful abuse of administrative power,

Plaintiff suffered economic damages and losses, including, but not limited to the loss of salary

increases, promotion, incentive pay, pension allowances and future earnings, lost income,

discouragement, embarrassment, emotional distress, severe anxiety, stress, and frustration, physical

injury, indignity and reduced quality of life. Plaintiff Dr. Yuri Stoyanov suffered severe harm to

reputation exacerbated by discriminatory acts and retaliations for participation in EEO and

Whistleblowing activities.

## COUNT 9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

142.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of

paragraphs 1 through 141 above as if fully set forth herein.

143.    Defendant Jebsen, in conspiracy with Defendant Rosales, Defendant Verducci, and others acting under the color of Federal laws in official capacity subjected the Plaintiff Dr. Y. Stoyanov to these deprivations of his rights maliciously, intentionally, vindictively or with a reckless disregard for Plaintiff's rights guaranteed by the Constitution and laws.

144.    As a direct and proximate result of the Defendants' willful infliction of emotional distress, Plaintiff suffered damages and losses, including, but not limited to the discouragement, embarrassment, emotional distress, severe anxiety, stress, and frustration, physical injury, indignity, loss of salary increases, incentive pay, pension allowances and future earnings, lost income, and reduced quality of life.  Plaintiff is threatened with further injury that is irreparable in nature.

## COUNT 10. FRAUD AND MISREPRESENTATIONS

145.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 144 above as if fully set forth herein.

146.    Defendant Jebsen in conspiracy with Defendant Rosales, Defendant Verducci, and others acting under the color of Federal laws in official capacity used intentional misrepresentations to deprive the Plaintiff of rights guaranteed by the Constitution and laws and to intentionally discriminate against the Plaintiff Dr. Y. Stoyanov on account of his national origin, age, and in reprisal for participation in EEO discrimination complaint activity and Whistleblowing activity.

147.    At all relevant times, Plaintiff held accurate belief that Defendants adopted and maintained discriminatory policy or practice to deprive Plaintiff of employment, income, and opportunities for employment with the Navy on bases of national origin, age, and in reprisal for participation in EEO discrimination complaint activity and Whistleblowing activity.  Plaintiff came to such a belief as a result of, among other things: (a) experiences in attempting to procure promotion or assignment

leading to promotion; and (b) knowledge of employees selected for promotion or assignment leading

to promotion; (c) fraud with selection process; (d) Defendants use of intentional misrepresentations

to cover up discrimination against Plaintiff and his brother Dr. Aleksandr Stoyanov.

148.    Defendant Jebsen, Defendant Rosales, Defendant Verducci, and others made false and

misleading statements to deny fair administrative process, to obstruct, to impede, and to cover up

discrimination against Plaintiff and his brother Dr. Yuri Stoyanov.  The Defendants made these

material misrepresentations with the knowledge and intent that the government officials, Department

of Defense authorities, and EEO Commission would rely on said statements.  The Defendants

entered into an understanding or agreement, expressed or tacit, to participate in a common scheme,

plan or design to commit unlawful discrimination and cover up violations of the civil service laws,

Plaintiff's rights, and the Navy policy.

149.    The Defendants were duty-bound and obligated to provide truthful information.  By law no

person may make false statements to the government.

150.    The Defendants acted tortiously, recklessly, unlawfully, and negligently, to the detriment of

Plaintiff.

151.    The Defendants are jointly and severally liable for the torts and other wrongful conduct

alleged herein.

152.    The Defendants acted in willful, wanton, gross, and callous disregard for the rights of the

Plaintiff.

153.    As a direct and proximate result of the Defendants' fraud and misrepresentations, Plaintiff

suffered economic damages and losses, including, but not limited to the loss of salary increases,

incentive pay, promotion, pension allowances and future earnings, lost income, discouragement,

embarrassment, emotional distress, severe anxiety, stress, and frustration, physical injury, indignity

and reduced quality of life.  Plaintiff is threatened with further injury that is irreparable in nature.

### COUNT 11.  OBSTRUCTION OF JUSTICE BY DEFENDANT VERDUCCI (Implied private right of action)

154.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of

paragraphs 1 through 153 above as if fully set forth herein.

155.    Defendant Verducci unlawfully, willfully and knowingly, corruptly influenced, obstructed

and impeded, and endeavored to influence, obstruct and impede the due and proper administration of

the law under which a pending proceeding was being had before a department and agencies of the

United States, namely, the EEO Commission by providing and causing to be provided false and

misleading information to the United States EEO Commission.  (Title 18, United States Code,

Sections 1505 and 1512).

156.    The Defendant Verducci and his co-conspirators acting under the color of Federal laws in

official capacity made material misrepresentations to intentionally obstruct, impede, and deny fair

official process in order to obfuscate prior egregious violations of EEO Commission regulations and

Federal laws and to injure Plaintiff.

157.    The Defendant Verducci and his co-conspirators made material misrepresentations and

omissions with the knowledge and intention that the United States EEO Commission would rely on

these material misrepresentations.  The Defendant Verducci entered into an understanding or

agreement, expressed of tacit, with the Defendants and other co-conspirators to participate in a

common scheme, plan, or design to commit the aforesaid tortuous acts and thereby violated

Plaintiff's rights causing harm to Plaintiff.  The Defendant Verducci through joint action with his co-

conspirators, acted tortiously, recklessly, unlawfully, and negligently to the detriment of Plaintiff.

158.    The Defendant Verducci knowingly and intentionally generated false, misleading and material misrepresentations with the knowledge and intention that the United States EEO Commission would rely upon said information. Being assigned to represent the Department of the Navy, Defendant Verducci was obligated to provide full, complete, and truthful information concerning EEO discrimination against the Plaintiff. Defendant Verducci had superior, if not exclusive, knowledge of such information, and it was not readily available to the Plaintiff. Under these circumstances, Defendant Verducci's conduct amounts to fraudulent misrepresentations and fraudulent concealment. The Defendant Verducci acted in willful, wanton, gross, and callous disregard for the rights of the Plaintiff guaranteed by the Constitution and laws.

159.    As a direct and proximate result of the Defendant Verducci's willful obstruction of justice Plaintiff suffered economic damages and losses, including, but not limited to the loss of salary increases, promotion, pension allowances and future earnings, lost income, discouragement, embarrassment, emotional distress, severe anxiety, stress, and frustration, physical injury, indignity and reduced quality of life. Plaintiff suffered economic damages and is threatened with further injury that is irreparable in nature.

## COUNT 12. MALICIOUS ABUSE OF PROCESS

160.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 159 above as if fully set forth herein.

161.    The Department of the Navy was aware of repeated incidents of intentional discrimination against Plaintiff. The Defendant Donald Winter, Secretary of the Navy had been informed, however failed to properly prosecute, discipline or subject to any sanctions the agency officials involved.

162.    In addition to permitting a pattern and practice of objectively unreasonable, unjustified, and unlawful discrimination, Defendant Donald Winter, Secretary of the Navy has been aware but failed to maintain a proper system for immediate resolution of intentional discrimination, violations of the Navy policy, and did fail to protect the Plaintiff Dr. Y. Stoyanov against known intentional violations of EEO Commission regulations and Plaintiff's rights guaranteed by the Constitution and Federal Laws.

163.    The foregoing acts, omissions, systemic flaws, policies, and customs of the Department of the Navy caused Navy officials to believe that the intentional and malicious discrimination and willful violations of EEO Commission regulations, Plaintiff's rights, and Federal Laws would not be honestly, objectively and properly investigated, and Defendant Jebsen in conspiracy with Defendant Rosales, and others acting under the color of Federal laws in official capacity continued to intentionally discriminate against Plaintiff Yuri Stoyanov who suffered economic damages and losses, including, but not limited to severe physical pain, mental and emotional damages, and permanent damages to reputation and further advancement of his career.

164.    As a direct cause of intentional discrimination, the Plaintiff Dr. Yuri Stoyanov suffered severe deterioration of health, physical pain, mental, and emotional damages. The Defendants intentionally escalated discrimination against the Plaintiff, aggravated harassment, and by fraud denied him employment, promotions, assignments, and further advancement of his career.

165.    Defendants maliciously and intentionally abused positions against the Plaintiff in order to intimidate the Plaintiff from asserting his rights against unlawful actions based on fraud, intentional discrimination and retaliations against the Plaintiff.

166.    Defendants acted willfully and in reckless disregard of the Plaintiff's rights guaranteed by the Constitution and laws.  The Plaintiff has suffered physical and psychological pain during periods of severe anxiety, stress, and frustration at times of intentional and malicious discrimination and aggravated harassment.

167.    Deliberate and continuous discrimination retaliations against the Plaintiff had escalated in the last six years causing mental anguish, sleeplessness, and frustration that affected the Plaintiff's life and was further exacerbated by egregious discrimination, retaliations, and aggravated harassment. The severity of harm resulting from the agency discriminatory actions affected the Plaintiff's health and well being. The Plaintiff has suffered substantial loss in earnings when instead of being promoted to the ND-5 level the Plaintiff was denied every opportunity for promotion.  Severe mental and emotional harm suffered through this period have interfered and affected the Plaintiff's relationships with family and friends and Plaintiff had experienced severe physical pain, emotional distress, anxiety, and reduced quality of life.

### COUNT 13. VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE FIRST AMENDMENT (42 U.S.C. §1983 Violation of Plaintiff's Constitutional rights)

168.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 167 above as if fully set forth herein.

169.    Defendant Jebsen in conspiracy with Defendant Rosales, Defendant Verducci, and others jointly and severally acting under the color of Federal laws in official capacity deprived Plaintiff of constitutional rights under the First Amendment of free speech. Defendants expressly or implicitly agreed to participate in violation of Plaintiff's constitutional rights while acting under color of law. Defendants conspired to retaliate, suppress, and deprive Plaintiff of his constitutional right to express concerns about violations of laws, fraud, and Defendant's criminal conduct in a nonpublic forum.

170.    By virtue of Defendant's violations of Plaintiff's constitutional right Plaintiff suffered severe

economic damages and losses, including, but not limited to the loss of salary increases, promotion,

incentive pay, pension allowances and future earnings, lost income, discouragement, embarrassment,

emotional distress, severe anxiety, stress, and frustration, physical injury, indignity and reduced

quality of life.

### COUNT 14. VIOLATION OF PLAINTIFF'S PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS (42 U.S.C. §1983 Violation of Plaintiff's Constitutional rights under the Fourteenth Amendment)

171.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of

paragraphs 1 through 170 above as if fully set forth herein.

172.    In violation of the Equal Protection Clause of the Fourteenth Amendment by individual

Defendants, Defendant Jebsen, Defendant Rosales, Defendant Verducci and others jointly and

severally acted "under color of law" to deprive Plaintiff of constitutional rights. Defendants

expressly or implicitly agreed to participate in violation of Plaintiff's constitutional rights while

acting under color of law. Defendants were well aware about intention to violate Plaintiff's rights.

173.    Defendant Jebsen in conspiracy with Defendant Rosales, Defendant Verducci and others

deprived Plaintiff of his rights by virtue of abusing their positions while acting under color of law to

maliciously inflict Plaintiff with severe economic damages and losses, including, but not limited to

the loss of salary increases, promotion, incentive pay, pension allowances and future earnings, lost

income, discouragement, embarrassment, emotional distress, severe anxiety, stress, and frustration,

physical injury, indignity and reduced quality of life.

174.    Defendants escalated intentional violations of laws and expressly or implicitly agreed to set

in motion a series of acts to violate Plaintiff's rights. Individual Defendants subjected Plaintiff Dr. Y.

Stoyanov to these deprivations of his rights maliciously, intentionally, vindictively or with deliberate indifference and a reckless disregard for Plaintiff's rights. By virtue of Defendants' participation in the aforementioned conspiracy, each of the Defendants jointly and severally liable for damages resulting from any such violations of Plaintiff's constitutional rights and failure to accord appropriate levels of procedural due process encompassed within the Equal Protection Clause of the Fourteenth Amendment's protection of life, liberty or property and First Amendment speech rights.

175.    As a direct cause of willful violations of Plaintiff's rights and federal laws, the Plaintiff Dr. Yuri Stoyanov suffered severe physical and psychological pain, economic damages and losses, humiliation, embarrassment, emotional distress, anxiety, stress and frustration, indignity and loss of life's pleasures.

176.    The Plaintiff was denied every opportunity for promotion since the Plaintiff started to participate in the EEO activity. Failure to act by Navy officials who were aware of the discrimination against the Plaintiff and the reckless and callous disregard for the Plaintiff's rights and outrageous oppression, fraud, perjuries, intentional misrepresentations, and malice on the part of the Defendants have exacerbated severe economic damages and losses, including, but not limited to the loss of salary increases, promotion, incentive pay, pension allowances and future earnings, lost income, discouragement, embarrassment, emotional distress, severe anxiety, stress, and frustration, physical injury, indignity and reduced quality of life the Plaintiff had to endure and suffer.

177.    The Plaintiff is 53 years old now and has 15 more years before he can retire at the age of 68, however the Plaintiff's reputation is severely damaged and further advancement of the Plaintiff's career in the agency has been scuttled. The severe mental stress, pain, and anguish the Plaintiff has endured have been caused and directly resulted from the Defendants' unlawful actions and

intentional discrimination against the Plaintiff. The Plaintiff has sustained prolong emotional distress and mental pain, ongoing severe anxiety, physical pain and suffering coupled with frustration at the Defendants' persistent and intentional violations of laws, discrimination and retaliations.

178.    As a result of said actions of Defendants, the Plaintiff Yuri Stoyanov suffered all the damages and injuries as aforesaid.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Yuri J. Stoyanov, requests that this Honorable Court:

1)    Award Compensatory damages against the Defendants jointly and severally, in the amount of TWENTY FIVE MILLION DOLLARS ($25,000,000.00);

2)    Award Compensatory damages for non-economic injuries in amount authorized by law (Title VII) for reprisal and discrimination based on national origin;

3)    Award Back pay with prejudgment to which the Plaintiff is entitled as authorized by law (Title VII) for discrimination based on national origin and in reprisal for participation in EEO activity;

4)    Award Liquidated damages in an amount equal twice Plaintiff's back pay losses as authorized by the ADEA;

5)    Award Consequential damages against the Defendants, jointly and severally, for pain and suffering, emotional distress, economic losses, injury to Plaintiff's health and reputation damaged by unlawful acts of agency officials in total amount of HUNDRED MILLION DOLLARS ($100,000,000.00).

6)    Award the interdisciplinary position as Director of Non-Acoustic Signature Division,

O5T1 position at the top of ND-5 level with pay and benefits.

7)    Award back pay of all wages, salary, employment benefits, and other compensation lost

as a result of unlawful depravation of pay and benefits at the top of ND-5 pay band as

authorized by law.

8)    Award costs of this action, including attorney's fees and the Plaintiff's labor for

prosecuting this action.

9)    Award punitive damages against the individual Defendants to deter Defendants from

future acts of intentional violations of constitutional rights in an amount authorized by law.

10)    Award such other legal and equitable relief that may be just or proper under the

circumstances.

Respectfully submitted,

Yuri Stoyanov
Yuri Stoyanov
7560 Pindell School Road
Fulton, MD 20759
(301) 604-7615

## JURY DEMAND

Plaintiff, Yuri J. Stoyanov, demands a trial by jury on all the issues in this action that are triable by

law.

Yuri Stoyanov
Yuri Stoyanov
7560 Pindell School Road
Fulton, MD 20759



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 19848**
**Washington, D.C. 20036**

Yuri J. Stoyanov,
Complainant,

v.

Dr. Donald C. Winter,
Secretary,
Department of the Navy,
Agency.

Appeal No. 0120081156

Agency No. 050002402031

Hearing No. 570-2006-00587X

DECISION

Pursuant to 29 C.F.R. § 1614.405, the Commission accepts complainant's appeal from the agency's December 12, 2007 final order concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.* Complainant alleged that the agency discriminated against him on the bases of national origin (Russian), age (50), and reprisal for prior protected EEO activity under Title VII of the Civil Rights Act of 1964 when he was not selected for the position of Head of 05T1, Supervisory Naval Architect, GS-0871-15.

After a review of the record in its entirety, including consideration of all statements submitted on appeal, it is the decision of the Equal Employment Opportunity Commission to affirm the agency's final order, because the Administrative Judge's issuance of a decision without a hearing was appropriate and a preponderance of the record evidence does not establish that discrimination occurred.

08 1386

**FILED**

AUG – 8 2008

Clerk, U.S. District and
Bankruptcy Courts

2                                              0120081156

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0408)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0408)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

3                                                    0120081156

## RIGHT TO REQUEST COUNSEL (Z0408)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

MAY 1 5 2008
_____
Date

4                                    0120081156

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed**. I certify that this decision was mailed to the following recipients on the date below:

Yuri J. Stoyanov
7560 Pindell School Rd
Fulton, MD  20759

William A. Navas Jr., Asst. Secretary, MRA/EEO
(NAVOECMA) OCHR Code 015
Department of the Navy
614 Sicard St., SE #100
Washington Navy Yard, DC  20374-5072

MAY 1 5 2008
_____
Date

_____
Equal Opportunity Assistant

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS

Yuri J. Stoyanov
7560 Pindell School Rd., Fulton, MD 20759

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ Howard _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

301-604-7615

### DEFENDANTS

Donald C. Winter, Secretary of the Navy, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

Case: 1:08-cv-01386
Assigned To : Huvelle, Ellen S.
Assign. Date : 8/8/2008
Description: Employ. Discrim.

*JURY ACTION*

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/ Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. General Civil (Other) | OR | ◉ F. Pro Se General Civil |
|---|---|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act) |

*[9]*

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☒ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Age Discrimination in Employment act of 1967, 29 U.S.C. 621 et seq.,Title VII, 42 U.S.C. 2000e et. seq.,5 U.S.C. 2302(b)(8), 42 U.S.C. §1983

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 125000000   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   *N.F.*   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE *August 8, 2008*   SIGNATURE OF ATTORNEY OF RECORD   *Yuri Stoyanov*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C.; and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.