**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **YURI J. STOYANOV,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 08-1386 (ESH) |
| | ) |
| **DONALED C. WINTER,** | ) |
| **SECRETARY OF THE NAVY,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Plaintiff has yet again filed a *pro se* complaint against his employer, the Department of Navy. In a fourteen-count complaint plaintiff alleges discrimination based on national origin and age and retaliation in violation of Title VII and the ADEA; constitutional violations and violations of the civil rights laws, as well as conspiracy and aiding and abetting civil rights violations; various torts, including abuse of process, fraud and misrepresentation; an implied right of action for obstruction of justice; and violations of the Whistleblower Protection Act of 1989. Consistent with his past practice, plaintiff has also filed a motion for sanctions (Dkt. No. 21) under Fed. R. Civ. P. 11, claiming that defendants' summary judgment motion includes "deliberate misrepresentations," "fraudulent assertions," and "deceitful contentions." (Pl.'s Mot. for Sanctions at 2.) In addition, plaintiff has filed for final judgment (Dkt. No. 27) and a motion for additional sanctions and leave to respond to defendants' June 26, 2009 reply. (Dkt. No. 30.)

In response to plaintiff's constant barrage of paper, defendant has filed oppositions to plaintiff's many motions, as well as a motion for summary judgment and to dismiss or in the alternative, for a more definite statement (Dkt. Nos. 16 and 17), which plaintiff opposes.

Plaintiff's opposition consists primarily of an attack on defendant's factual assertions on the supposed grounds that they are fraudulent and deceitful, but as explained more fully below, his opposition consists of little more than disputes that are neither factual nor substantive and do nothing to rebut defendants' meritorious legal and factual arguments.

Therefore, plaintiff's pending motions will be **DENIED** and defendants' motions to dismiss and for summary judgment will be **GRANTED**.

## BACKGROUND

### I.   PRIOR LITIGATION

While plaintiff does not appear to have brought suit in this Court before, he is a frequent filer in Maryland. As noted by Judge Davis in his Memorandum Opinion in *Stoyanov v. Winter*, No. 1:06-cv-01244-AMD (D. Md.), issued on August 11, 2008 (Dkt. No. 55), plaintiff has filed seven employment discrimination cases in Maryland.[1] As a result of his vexatious conduct, he is now subject to an order that limits him and his twin brother to only one active case at a time in the District of Maryland. *See Stoyanov*, No. 1:06-cv-01244-AMD, Mem. Opin. at 3-4 & n.1 (attached as Ex. I to Defs.' Mot. for Summary Judgment and to Dismiss [Defs.' SJ Mot.]). And, it bears noting that the tactic employed here of bringing multiple motions for sanctions was also used in Maryland, without success, in at least two of these actions. *See, e.g.*, *Stoyanov v. Winter*, No. 1:06-cv-01244-AMD (Dkt. No. 49) (D. Md. May 13, 2008), and *Stoyanov v. Winter*, No. 1:05-cv-01567-RDB (Dkt. Nos. 64, 71 and 72) (D. Md. Oct. 30, 2006, Nov. 17, 2006).

---

[1] These cases are described by Judge Davis in his Memorandum Opinion at 3-4. *Stoyanov v. Winter*, No. 1:06-cv-01244-AMD, Mem. Opin. at 3-4 (Dkt. No. 55) (D. Md. Aug. 11, 2008). They date back to 2002, they have all involved the Department of Navy, the plaintiffs have included plaintiff herein, and on occasion, his twin brother (Aleksandt) who is also employed as a scientist by the Navy, and plaintiff has ultimately failed with respect to all claims.

**II.     THIS CASE**

Plaintiff was born in 1955 in the former Soviet Union, is now a naturalized citizen, and has worked for the Department of Navy as a scientist since 1986. He sues his employer, the Secretary of Navy, and three individuals in their personal and official capacities.[2] The dispute arises from plaintiff's complaint that he was not promoted to fill a vacancy in 2005 for a Supervisory Naval Architect in NAVSEA, Vacancy Announcement DON0871. Venue properly lies with this Court since the job at issue, a GS-15 position, is located in the Washington, D.C. Navy Yard. It is undisputed that plaintiff did not submit an application for the vacancy, although plaintiff claims that there was a conspiracy to conceal the vacancy announcement from him even though the announcement was posted on the Department of the Navy Human Resources website "CHART" system that is available to anyone, including plaintiff, with web access. In the alternative, defendants assert that plaintiff could not have been promoted to his position because he lacked the necessary qualifications. Plaintiff disputes this assertion.

## ANALYSIS

**I.     MOTION TO DISMISS**

   **A.     Standard of Review**

Although much of plaintiff's forty-six page opposition consists of little more than plaintiff's vitriolic characterization of defendants' factual assertions in their summary judgment motion and supporting statement of facts not in dispute as "intentional misrepresentations, fabricated assertions without evidentiary support and . . . deceptions to the Court with regard to

---

[2] Plaintiff has sued Gary Jebsen, the Acting Head of Naval Sea Systems Commander, Section O5T (NAVSEA O5T), and the selecting official for the position at issue; Linda Rosales, formerly the Administrative Officer of NAVSEA O5T; and Anthony Verducci, Department of Navy, Office of General Counsel and designated agency representative for handing plaintiff's EEOC case before the EEOC.

material facts in deceitful attempt to defend defendants' intentional discrimination and retaliations against plaintiff…," (*see, e.g.*, Pl.'s Mot. in Opp'n to Defs.' SJ Mot. at 35), the vast majority of plaintiff's claims can be dismissed under Fed. R. Civ. P. 12(b)(1) and (6) without any reliance on defendants' factual assertions.

"In determining whether a complaint fails to state a claim [under Rule 12(b)(6)], [courts] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [courts] may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997). "'[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.'" *Atherton v. Dist. of Columbia Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "'So long as the pleadings suggest a "plausible" scenario to show that the pleader is entitled to relief, a court may not dismiss.'" *Id.* (quoting *Tooley v. Napolitano*, 556 F.3d 836, 839 (D.C. Cir. 2009) (edits omitted). However,

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).

And, "even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton*, 567 F.3d at 681-82 (quoting *Iqbal*, 129 S. Ct. at 1950).

Under Fed. R. Civ. P. 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction, "a plaintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction." *Martens v. United States*, No. 05-CV-1805, 2007 WL 2007580, at *1 (D.D.C. July 6, 2007). "[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Marsoun v. United States*, 591 F. Supp. 2d 41, 43 (D.D.C. 20008) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The pleadings of *pro se* parties "[are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (internal quotation marks and citations omitted). Nonetheless, "[a] pro se complaint, like any other, must present a claim upon which relief can be granted by the court." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981); *see also McNeil v. United States,* 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted as to excuse mistakes by those who proceed without counsel.").

### B.     Counts IV-XIV

Applying the above standards and based on a thorough review of all the pleadings and the record herein, the Court will grant defendants' motion to dismiss Counts IV-XIV for the following reasons.

1.   The individual defendants cannot be sued, either in their official or individual capacities, under Title VII or the ADEA. *See* 42 U.S.C. §§ 2000e-2 and 5(f)(1). Only the Secretary of the Navy is a proper defendant. *Jarrell v. U.S. Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1998) (citing 42 U.S.C. § 2000e – 16(c)).

5

2. The individual defendants cannot be sued for any tort since the United States is the only proper defendant with respect to these claims under the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("Federal Tort Claims Act" or "FTCA"), 28 U.S.C. § 2679(b)(1) and (d)(1).

3. The tort claims against the United Sates under the FTCA must be dismissed for lack of jurisdiction because plaintiff has failed to exhaust his administrative remedies. 28 U.S.C. § 2675. In addition, any claims for fraud, misrepresentation and malicious abuse of power against the United States, as well as any federal defendant in his or her official capacity, must be dismissed for lack of jurisdiction, since the FTCA exempts these claims from the general waiver of sovereign immunity, *see* 28 U.S.C. § 2680(h), and second, federal defendants cannot be sued in their official capacity for damages because of the doctrine of sovereign immunity. *See Atchison v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996).

4. Plaintiff's allegations under the Whistleblower Protection Act, 5 U.S.C. § 2303, must be dismissed because he has failed to exhaust his administrative remedies or the claim is otherwise jurisdictionally barred since plaintiff did not make a non-frivolous claim under the WPA, nor was such an allegation adjudicated by the Agency, the EEOC, or the Office of Special Counsel. In the alternative, plaintiff's complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6), as interpreted by *Iqbal*, 129 S. Ct. at 1949-55, since his complaint fails to allege any "protected disclosures" within the meaning of the WPA, since protected activity under Title VII and the ADEA does not constitute protected disclosures under the WPA. *See* 5 U.S.C. § 2302(b)(8).

5. To the extent that plaintiff is attempting to relitigate any claim that was previously decided in a prior lawsuit, these claims must be dismissed under Rule 12(b)(1) because they are barred by the doctrine of *res judicata* or claim preclusion. *See Smalls v. United States*, 471 F.3d 186, 192 (D.C. 2006). (*See also* Defs.' Reply at 4-6.)

6. Plaintiff cannot sue a federal defendant under either the Fourteenth Amendment or 42 U.S.C. § 1983, since these provisions apply only to the states. *See Williams v. United States*, 396 F.3d 412 (D.C. Cir. 2005). Thus, these claims fail as a matter of law under Rule 12(b)(6).

7. Plaintiff cannot sue the federal defendants under *Bivens* because Congress has created a comprehensive statutory scheme to provide relief in the area of discrimination. *See Bush v. Lucas*, 462 U.S. 367 (1983); *Wilkie v. Robbins*, 551 U.S. 537, 549 (2007); *Spagnola v. Mathis*, 859 F.2d 223, 228 (D.C. Cir. 1988) (en banc) (per curiam). In particular, it is well settled that Title VII and the ADEA provide the sole remedy for federal employees complaining of job discrimination. *See Brown v. GSA*, 425 U.S. 820 (1976). Despite plaintiff's chant of an endless stream of invectives, the gravamen of his complaint is employment discrimination

        based on age and national origin and retaliation for having engaged in protected activity. He therefore cannot sue the individual defendants for a constitutional tort. These claims must be dismissed under Rule 12(b)(6).

8.     Plaintiff has no implied right of action to bring a claim under any criminal statute, including 18 U.S.C. § 1512 (Counts VII and XI).

9.     There can be no claim based on any allegation that plaintiff's employer or the EEOC mishandled his discrimination complaint. *Young v. Sullivan*, 733 F. Supp. 131, 132 (D.D.C. 1990), *aff'd*, 946 F.2d 1568 (D.C. Cir. 1991).[3]

## II. MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

A party is entitled to summary judgment if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255. The party opposing a motion for summary judgment, however, "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the

---

[3] While it is often difficult to decipher what plaintiff is complaining about in his one hundred and seventy-eight paragraph complaint, it may be that he is challenging the EEO process. (*See, e.g.,* Compl. ¶¶ 97, 100.) To the extent that this is not one of his claims, paragraph 9 can be ignored.

movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir.1982)).

> **B.     Title VII and the ADEA**
>
>> **1.     *Prima Facie* Case**

To succeed on a claim of discrimination under Title VII and the ADEA, a plaintiff has the initial burden of establishing a *prima facie* case of discrimination by showing that "(1) [he] is a member of a protected class; (2) [he] suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination." *Stella v. Mineta*, 284 F.3d 135, 145 (D.C. Cir. 2002); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Carter v. George Washington Univ.*, 387 F.3d 872, 878 (D.C.Cir.2004) (applying *McDonnell Douglas* framework to ADEA claims). A *prima facie* case of retaliation requires a plaintiff to show that "(1) [he] engaged in statutorily protected activity; (2) [he] suffered an adverse employment action; and (3) there is a causal connection between the two." *Taylor v. Small*, 350 F.3d 1286, 1292 (D.C. Cir. 2003); *see also* 42 U.S.C. § 2000e-3(a). Should plaintiff fail to make out a *prima facie* case with respect to any claim, that claim must be dismissed.

Pursuant to this standard, to make out a *prima facie* case of either discrimination or retaliation, plaintiff must show an adverse action, which is defined as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." *Douglas v. Donovan*, 559 F.3d 549, 552 (D.C. Cir. 2009) (citation and internal quotation marks omitted). "[A]n employee suffers an adverse employment action if he experiences materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment

opportunities such that a reasonable trier of fact could find objectively tangible harm." *Forkkio v. Powell*, 306 F.3d 1127, 1131 (D.C. Cir. 2002) (citing *Brown v. Brody*, 199 F.3d 446, 457 (D.C. Cir. 1999)). In most cases, a tangible employment action "inflicts direct economic harm." *Douglas*, 559 F.3d at 552 (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 762 (1998)). However, where the alleged significant change in employment status is not obvious, "an employee must go the further step of demonstrating how the decision nonetheless caused such an objectively tangible harm," which requires a court "to consider whether the alleged harm is unduly speculative." *Id.* at 553.

For a retaliation claim, the concept of adverse action is broader than in the discrimination context and "can encompass harms unrelated to employment or the workplace 'so long as a reasonable employee would have found the challenged action materially adverse.'" *Rattigan v. Holder*, 604 F.Supp.2d 33, 46 (D.D.C. 2009) (quoting *Baloch v. Kempthorne*, 550 F.3d 1191, 1198 n. 4 (D.C. Cir. 2008) (citation and internal quotation marks omitted)). To be materially adverse, the action must be one that "well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)).

  **2.** **Pretext**

Once a plaintiff establishes a *prima facie* case, the burden shifts to the defendant to produce evidence that the challenged action was taken for a legitimate, nondiscriminatory reason. *See Holcomb v. Powell*, 433 F.3d 889, 896 (D.C. Cir. 2006). And, as advised by the D.C. Circuit, when reviewing a motion for summary judgment in a discrimination or a retaliation case, a district court need not – and should not – evaluate a plaintiff's prima facie showing where a defendant sets forth a legitimate, nondiscriminatory reason for its conduct. *Brady v. Office of*

*the Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008). Instead, a court must look to whether the plaintiff has "produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against [the plaintiff]." *Id.* (citations omitted); *Jones v. Bernanke*, 557 F.3d 670, 678 (D.C. Cir. 2009) (applying same principles to retaliation claims). When making this determination, courts consider "all relevant evidence" presented by the parties, *Brady*, 520 F.3d at 495, "including that which would be used to establish [the employee's] *prima facie* case (but not for the purpose of evaluating whether a *prima facie* case has been established)…" *Walker v. England*, 590 F. Supp.2d 113, 138 (D.D.C. 2008). Where the "employer's stated belief about the underlying facts is reasonable in light of the evidence . . . there ordinarily is no basis for permitting a jury to conclude that the employer is lying about the underlying facts." *Brady*, 520 F.3d at 495.

### C. Counts I - III – Plaintiff's Discrimination / Retaliation Claims

Applying the above standards to plaintiff's claims, the Court concludes that plaintiff cannot demonstrate a genuine issue of material fact that defendants' proffered reason for not promoting him were pretextual or that he was denied the promotion because of any discriminatory or retaliatory animus. On the contrary, there is no dispute that plaintiff did not apply for the DON0871 position. This alone is fatal to his case, since a plaintiff cannot even establish a *prima facie* case of discriminatory or retaliatory failure to promote if he did not apply for the position. *Lathram v. Smith*, 336 F.3d 1085, 1089 (D.C. Cir. 2003) (finding plaintiff's Title VII claim was "defeated by her failure to apply" for the position); *Williams v. Giant Food, Inc.*, 370 F.3d 423, 430 (4th Cir. 2004); *Smith v. J. Smith Lanier & Co.*, 352 F.3d 1342, 1345 (11th Cir. 2003); *Wanger v. G.A. Gray Co.*, 872 F.2d 142, 145-46 (6th Cir. 1989); *Box v. A & P*

10

*Tec. Co.*, 772 F.2d 1372, 1376 (7th Cir. 1985).  But even if one were to consider plaintiff's response to this defect, his claims would fail, for there is absolutely no credible evidence to support plaintiff's conspiracy theory that defendants denied him the opportunity to submit his application.  (*See, e.g.*, Pl.'s Opp'n at 3, 7, 35-36.)  In fact, the observations of Judge Davis in *Stoyanov v. Winter*, No. 1:06-cv-01244-AMD (D. Md. 2008), are particularly fitting here as well:

> [T]here is no basis in the record from which the court could infer that unlawful discrimination played a role in defendants' selection processes.  Plaintiff has not produced any meaningful evidence to suggest that his age, Russian origin, or prior complaints were factors in his inability to secure a promotion . . . . Stoyanov's arguments are based on his own conspiratorial theories and conclusory leaps in reasoning rather than evidence.  *See Goldberg v. B. Green and Co., Inc.*, 836 F.2d 845 848 (4th Cir. 1988) ("naked opinion, without more, is not enough to establish a prima facie case of [] discrimination.  Conclusory assertions that [defendant's] state of mind and motivation are in dispute are not enough to withstand summary judgment.").  Furthermore, even assuming that plaintiff had established a prima facie case, he cannot refute the legitimate, non-discriminatory explanations defendants have offered for their appointments.
>
> * * *
>
> Stoyanov urges the court to substitute its judgment, or more accurately Stoyanov's, for that of his employer on no more basis than plaintiff's own assertions that he is the most qualified candidate.  *See DeJarnette v. Corning, Inc.,* 133 F.3d 293, 298 (4th Cir 1998) ("Title VII is not a vehicle for substituting the judgment of a court for that of the employer.").  No reasonable factfinder could return a verdict in favor of Stoyanov on this record, therefore summary judgment in favor of defendants is appropriate as to each of the cognizable discrimination and retaliation claims.

Mem. Opin. at 6-7 (footnote omitted).

As in his prior case, plaintiff has no evidence to support an inference of unlawful discrimination or retaliation in this case.  Rather, he relies on conjecture, accusation, conspiratorial theories and his own assessment.  As amply demonstrated by defendants (*see* Defs.' Reply at 12-17), the selection process was not flawed and there was no effort to conceal the vacancy from plaintiff.  Rather, the vacancy announcement was posted on the official CHART website and was available to plaintiff, who was well aware of the website and had used

11

it regularly. While plaintiff may have used the wrong search terms, there is no basis to blame defendants for his mistakes.

In the alternative, plaintiff has provided no evidence to contradict Ms. Thompson's declaration that plaintiff would not have been promoted even if he applied, since he was not qualified. (*See* Defs.' SJ Mot., Ex. D.) While plaintiff contests this by claiming that he was the most qualified (Pl.'s Opp'n at 5), it is important to note that plaintiff cannot establish pretext simply based on his own subjective assessment of his own performance, for "plaintiff's perception of himself, and of his work performance, is not relevant. It is the perception of the decisionmaker which is relevant." *Smith v. Chamber of Commerce*, 645 F. Supp. 604, 608 (D.D.C. 1986); *see also Hastie v. Henderson*, 121 F. Supp. 2d 72, 81 (D.D.C. 2000) (finding no genuine issue of material fact where plaintiff provided no evidence "other than her own self-serving and conclusory statement that she completed more work than [her co-worker] – which would permit this Court to conclude that defendant's reason for giving [the co-worker] rather than plaintiff an '[o]utstanding' rating is pretextual"); *Saunders v. DiMario*, 1998 WL 525798, at *4 (D.D.C. Aug. 14, 1998) ("Plaintiff has otherwise offered the type of self-serving allegations that are simply insufficient to establish pretext."); *Amiri v. District of Columbia*, 1989 WL 37155, at *3 (D.D.C. Mar. 21, 1989) ("[Plaintiff] concluded in his own mind that ethic or national origin discrimination must have been the basis for his failure to be selected and so testified. These self-serving declarations are not credited.").

In short, Counts I-III will be dismissed for no reasonable juror could find that plaintiff's failure to obtain a promotion was the result of either discrimination based on age or national origin or retaliation.

## CONCLUSION

For the foregoing reasons, defendants' motions for summary judgment and to dismiss are **GRANTED**, all motions filed by plaintiff are **DENIED**, and the above-captioned action is dismissed with prejudice.

```
          /s/
ELLEN SEGAL HUVELLE
United States District Judge
```

Date:   August 6, 2009